1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARLETTE GILBERT,

11                Plaintiff,                    No. CIV S-06-0825 DAD

12          v.

13   MICHAEL J. ASTRUE,                         ORDER
     Commissioner of Social Security,
14
                   Defendant.
15   _____/

16          Plaintiff brought this action seeking judicial review of a final administrative

17   decision denying her claims for Social Security disability insurance benefits and Supplemental

18   Security Income.  See 42 U.S.C. § 405(g).  By previous order of the court, the decision of the

19   Commissioner of Social Security ("Commissioner") denying benefits was reversed and this

20   matter was remanded for an award of benefits.  Counsel for plaintiff has now filed a petition for

21   attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

22          Counsel for plaintiff seeks an award of $8,828.59.  The petition claims 54.45

23   hours of attorney time.  Attorney fees under EAJA are set at the market rate but capped at

24   $125.00 per hour.  See Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §

25   2412(d)(2)(A)).  However, an increase is allowed to adjust for "cost of living" inflation, which is

26   calculated by multiplying the $125 statutory rate by the annual average consumer price index

1

figure for all urban consumers ("CPI-U") for the years in which the fees were earned.  Thangaraja
v. Gonzales, 428 F.3d 870, 877 (9th Cir. 2005) (citing Sorenson v. Mink, 239 F.3d 1140, 1148-
49 (9th Cir. 2001)).  Based on these calculations, the rate for services provided in 2006 is
$161.85, and $163.75 for services rendered in 2007.  Id.

Defendant does not dispute plaintiff's rate calculations, that plaintiff was the
prevailing party in this case, nor that plaintiff's counsel is entitled to reasonable attorney's fees.
Rather, defendant opposes the petition on the ground that the amount of time claimed is
excessive, reflecting unnecessary efforts and clerical work that should have been delegated to a
non-attorney, and inflated billing for review of the record and drafting plaintiff's motion for
summary judgment.  Defendant urges the court to reduce Attorney Bess Brewer's time by 17.75
hours, resulting in $2,872.83 reduction in fees.

The EAJA provides that "a court shall award to a prevailing party . . . fees and
other expenses . . . incurred by that party in any civil action . . . brought by or against the United
States . . . unless the court finds that the position of the United States was substantially justified."
28 U.S.C. § 2412(d)(1)(A).  See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  "Fees and
other expenses" include "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  "The statute
explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing
party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the
case."  Atkins, 154 F.3d at 987 (quoting 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).  The
prevailing party must apply for attorney fees within thirty days of the final judgment in the
action.  28 U.S.C. § 2412(d)(1)(B).

A party who obtains a remand for an award of benefits further proceedings in a
social security case is clearly a prevailing party for purposes of the EAJA.  Gutierrez v. Barnhart,
274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing
party for the purposes of the EAJA if the denial of her benefits is reversed and remanded
regardless of whether disability benefits ultimately are awarded.");  see also Shalala v. Schaefer,

2

509 U.S. 292, 296-302 (1993).  Accordingly, it is undisputed that plaintiff is a "prevailing party" in this case, and defendant does not contend that the position of the Commissioner was "substantially justified."

With regard to defendant's argument that the hours claimed are unreasonable, the EAJA expressly provides for an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)A). However, it has been said that "there is more to deciding what is a 'reasonable' fee than calculating a reasonable expenditure of hours times a reasonable rate."  Atkins, 154 F.3d at 989 (citing Hensley v. Eckhart, 461 U.S. 424 (1983)).  The court must also consider "'the relationship between the amount of the fee awarded and the results obtained.'"  Id. (quoting Hensley, 461 U.S. at 437.)

Here, plaintiff's counsel secured a remand for award of benefits.  Defendant argues that the claimed 54.45 hours of attorney time is excessive.  The undersigned declines to conduct a line-by-line analysis of counsel's billing entries.  See, e.g., McDannel v. Apfel, 78 F. Supp. 2d 944, 954 (S.D. Iowa 1999); Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).  However, having carefully reviewed the pending motion, the court finds the claimed 54.45 hours of attorney time to be a reasonable amount of time expended on this matter.  The court notes that counsel did not represent plaintiff at the administrative level and had to become familiar with the case, which included a 375-page administrative transcript.  It is clear that plaintiff's counsel paid close attention in reviewing the record, as evidenced by the nineteen page summary set forth in the opening brief filed on plaintiff's behalf.  The court finds unpersuasive defendant's argument that counsel's billing of 8.75 hours for reviewing and marking the transcript, as well as identifying issues and outlining the brief is excessive.  The court further finds that the time plaintiff's counsel spent on drafting, editing and finalizing the motion for summary judgment, 32.25 hours, to be reasonable and not excessive.  The court addressed each of plaintiff's proffered arguments, and found them all to be compelling in justifying a remand for an award of benefits.  The court also appreciates that social security cases are often fact-intensive

1 and recognizes the successful result obtained by counsel.  Finally, defendant's argument that the

2 1.75 hours billed for "intake" was excessive is equally unavailing.  Plaintiff's counsel spent this

3 time discussing the referral with the attorney who represented plaintiff at the administrative level,

4 speaking with plaintiff and answering her questions, including those related to the retainer

5 agreement.  Further, the 1.75 hours for drafting the complaint and completing plaintiff's in forma

6 pauperis ("ifp") application was not excessive, and was not work that should have been

7 completed by clerical staff, as defendant contends.  Drafting of pleadings and review of

8 supporting documents to be filed with the court is compensable attorney work.  Plaintiff's

9 counsel avers that she exercises reasonable billing judgment and has excluded time from her

10 EAJA petition that would be inappropriate to bill a client, such as copying.  See Declaration of

11 Bess Brewer, at ¶ 4, 5; Plaintiff's Reply Brief, at 2:1-16.  In reviewing the transcript, counsel's

12 extensive briefing on the motion for summary judgment, the order remanding for an award of

13 benefits, and the time expended on tasks as set forth in counsel's schedule of hours, the court

14 finds the hours claimed by plaintiff's counsel to be reasonable.  Therefore, counsel for plaintiff is

15 entitled to an EAJA fees award in the amount requested.

16          The court will grant the motion for attorney fees under EAJA and counsel for

17 plaintiff will be awarded a total EAJA award of $8,828.59.

18          In accordance with the above, IT IS HEREBY ORDERED that:

19          1.  Plaintiff's petition for attorney fees under the Equal Access to Justice Act, 28

20 U.S.C. § 2412(d), is granted; and

21          2.  Counsel for plaintiff is awarded $8,828.59 in attorney fees.

22 DATED: December 17, 2007.

23

24

25

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:mb
26 gilbert0825.attyfees.EAJA